IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:12-CT-03208-D

| | |
|---|---|
| JAMES AARON HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ORDER |
| TRACY PHILLIPS, et al., | ) ) |
| Defendants. | ) |

This matter comes before the court upon the motion of Plaintiff to compel discovery and to extend the time for responding to Defendants' motion for summary judgment. [DE-34]. No response to the motion has been filed by Defendants, and the matter is ripe for decision. For the reasons set forth below, Plaintiff's motion is allowed in part.

## BACKGROUND

On October 18, 2012, James Aaron Hayes ("Plaintiff"), and inmate in the custody of the state of North Carolina, initiated *pro se* this action under 42 U.S.C. § 1983. [DE-1]. The court dismissed in part Plaintiff's complaint for failure to state a claim, but allowed Plaintiff to proceed with his claims relating to censorship of his incoming publications against Tracy Phillips, Gloria Thornburg, and Willard Hall ("Defendants"). [DE-10]. Plaintiff subsequently amended his complaint [DE-15, -17], which Defendants answered [DE-31]. The court entered a Scheduling Order setting a motions deadline of February 10, 2014 [DE-29] and granted Defendants two extensions of time, first until March 12, 2014 [DE-33] and subsequently until March 26, 2014 [DE-37], within which to file motions. On March 11, 2014, Plaintiff filed the instant motion to compel discovery [DE-34], to which Defendants failed to respond. On April 4, 2014, Defendants filed, out of time, a motion for

summary judgment [DE-38], which, upon Defendants' motion, the court deemed timely filed [DE-42].

## DISCUSSION

Plaintiff seeks to compel responses to document requests and requests for admission propounded to Defendants on January 9, 2014. [DE-34]. Plaintiff wrote two letters to Defendants' counsel in an attempt to obtain responses to his discovery requests, satisfying the requirement of Rule 37(a)(1) and Local Civil Rule 7.1(c) to confer or attempt to confer with Defendants' counsel in an effort to obtain the discovery without court action prior to filing the motion to compel. Pl.'s Decl. [DE-35] ¶¶ 4-5, Ex. 3D & 4D [DE-35-3]. Defendants' counsel failed to respond to Plaintiff's letters and to the instant motion to compel.

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including requests for production of documents and requests for admission. *See generally* Fed. R. Civ. P. 26-37. Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense .... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors,* No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance

2

has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992).

Defendants have failed to respond to Plaintiff's discovery requests and failed to seek an extension of time within which to do so. Even assuming Defendants did not receive the discovery requests, the requests were also included with the motion to compel, of which Defendants' counsel would have received electronic notice, yet still failed to respond. Accordingly, the court finds that Defendants have failed to comply with their discovery obligations.

The court has also reviewed Plaintiff's discovery requests. To the extent they relate to Plaintiff's claims for censorship of his incoming publications against Defendants Phillips, Thornburg, and Hall, the court finds them to be within the permissible scope of discovery. However, the following requests are noted to be outside the scope of discovery in whole or in part to the extent they relate to dismissed claims:

Request for Production ("RFP") Nos. 1, 4, 5, 19, 20, 22 to the extent they relate to documents other than those involving Plaintiff's claims for censorship of his incoming publications against Defendants Phillips, Thornburg, and Hall;

3

RFP Nos. 3, 7, and 8 relating to Plaintiff's dismissed "work boots" claim; and

RFP Nos. 6, 17, and 18 relating to Plaintiff's dismissed "forever stamp" claim.

Defendants shall serve their responses to Defendants' remaining requests for production no later than **April 24, 2014**. Furthermore, because Defendants did not respond to Plaintiff's discovery requests in a timely manner, any objections as to relevance or scope are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Loftin v. Nationwide Mut. Ins. Co.*, No. 7:09-cv-118-F, 2010 WL 4117404, at *3 (E.D.N.C. Oct. 18, 2010). Notwithstanding, the court will permit the assertion of any valid privilege claim, which must be documented in accordance with the Federal Rules.

With respect to Plaintiff's requests for admission, Rule 36 provides, in relevant part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be . . . ordered by the court." Fed. R. Civ. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Further, "[a] party's failure to respond to a request for admissions under Federal Rule of Civil Procedure 36 may result in a material fact being deemed admitted and subject the party to an adverse grant of summary judgment." *United States v. Renfrow*, 612 F. Supp. 2d 677, 682 (E.D.N.C. 2009) (citations omitted).

The court finds that Defendants have failed to timely respond or object to Plaintiff's requests for admission and have failed to provide any explanation for the deficiency. However, given the severity of consequence flowing from Defendants' failure to respond, the court will allow

4

Defendants a final opportunity to address the deficiency and respond to Plaintiff's requests for admission. The court has reviewed the requests for admission and finds, to the extent they relate to Plaintiff's claims for censorship of his incoming publications against Defendants Phillips, Thornburg, and Hall, they are within the permissible scope of discovery. However, the following requests are noted to be outside the scope of discovery to the extent they relate to dismissed claims: Request for Admission Nos. 5-7, 9-12,[1] and 13-18. Defendants shall serve responses to the remaining requests for admission no later than **April 24, 2014**. In the event Defendants fail to timely respond, the requests for admission shall be deemed admitted without further order of the court.

Finally, Plaintiff seeks an extension of time to respond to Defendants' motion for summary judgment given Defendants' failure to respond to discovery. Rule 56(d) of the Federal Rules of Civil Procedure provides as follows:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The court finds that an extension of the response time to Defendants' motion for summary judgment is appropriate. Therefore, Plaintiff shall respond to Defendants' summary judgment motion by no later than **May 15, 2014**.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to compel [DE-34] is ALLOWED IN

---

[1] Plaintiff numbered two consecutive requests "Request No. 12." Pl.'s Decl. [DE-35-2] at 3. Both are related to dismissed claims and, thus, Defendants need not respond to either.

5

PART, and Defendants shall serve responses to Plaintiff's requests for production and requests for admission, as specifically directed herein, no later than **April 24, 2014**. Plaintiff shall respond to Defendants' summary judgment motion no later than **May 15, 2014**.

SO ORDERED, the 10 day of April 2014.

Robert B. Jones, Jr.
United States Magistrate Judge

6

Case 5:12-ct-03208-D Document 43 Filed 04/10/14 Page 6 of 6